UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDALL R. PARKER            )
                             )
v.                           )      No. 3:11-0323
                             )      JUDGE CAMPBELL
UNITED STATES OF AMERICA     )

ORDER

Pending before the Court is the Petitioner's Motion To Amend Pending 2255 (Docket No. 23); Petitioner's Motion for Transcripts (Docket No. 24); and the United States' Motion To Require Movant To File Amended 2255 Petition And For Associated Relief (Docket No. 25).

Through the Motion To Amend (Docket No. 23), the Petitioner seeks to amend his pending Section 2255 Motion to add a claim based on a United States Supreme Court case that was issued on June 23, 2011, <u>Bullcoming v. New Mexico</u>, 2011 WL 2472799 (U.S.S.Ct. June 23, 2011). The Motion is GRANTED.

Through the Motion For Transcripts (Docket No. 24), the Petitioner requests a copy of the trial transcript, and "investigation reports." The Petitioner also requests that the Court stay this proceeding until he has had an opportunity to review those materials. The Government indicates (Docket No. 25) that it does not object to providing the Petitioner with a copy of the multiple volumes of trial and sentencing transcripts, but objects to providing a copy of the discovery or other documents as the Petitioner has failed to establish a specific need for the materials, and providing certain materials could endanger witness safety.

The Petitioner's Motion For Transcripts (Docket No. 24) is GRANTED in part, and DENIED in part. As the Petitioner's trial and sentencing transcripts filed in the underlying criminal case are relevant to the claims Petitioner has raised in his Motion To Vacate, the Court concludes that Petitioner has shown good cause for the Government to provide those transcripts

to him.  As Petitioner has failed to specifically identify the "investigative reports" requested, or to establish good cause for the production of any such materials, the request for "investigative reports" is denied.  Rule 6(a) of the Rules Governing § 2255 Cases in the United States District Courts; Bracy v. Gramley, 117 S.Ct. 1793 (1997).

In its Motion To Require Movant To File Amended 2255 Petition (Docket No. 25), the Government indicates that Petitioner's trial attorneys are unable to address Petitioner's claims of ineffective assistance of counsel in the underlying criminal case because the allegations in his Motion To Vacate are too vague and fail to cite to the voluminous record of the seven-year old criminal case.  Consequently, the Government requests that the Court grant the Petitioner's request to stay the proceedings; require the Petitioner to file an amended 2255 Motion To Vacate which includes all claims, along with the factual basis for each claim and citations to the record; and set new schedules for the filings in this case.

The Government's Motion is GRANTED in part, and DENIED in part.  Petitioner shall have until September 19, 2011 in which to file an amended petition that includes all claims Petitioner seeks to raise.  The Court declines to order the Petitioner to present his claims in a particular way, but notes that claims that are conclusory or fail to cite factual or legal support are subject to dismissal. See, e.g., McConnell v. United States, 162 F.3d 1162, 1998 WL 552844 (6th Cir. Aug., 10, 1998).  The Government shall file its response to the amended petition on or before October 31, 2011, and the Petitioner shall file any reply on or before November 21, 2011.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE