UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDALL R. PARKER         )
                             )
v.                         )        No.  3:11-0323
                             )        JUDGE CAMPBELL
UNITED STATES OF AMERICA      )

MEMORANDUM

I. Introduction

Pending before the Court are the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 1), a Memorandum Of Law In Support (Docket No. 47), and a Traverse To The Government's Response (Docket No. 80). Petitioner has also asserted claims through amendments to his Motion To Vacate (Docket Nos. 5, 11, 77).

For the reasons set forth below, the Court concludes that the claims made in Petitioner's Motion To Vacate and other filings are DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was initially charged with conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 9 in Case No. 3:02-00053).  Named as Co-Defendants were Jimmy Ray Patterson and John Weston. (Id.)  Defendant Parker retained attorneys Martin G. Szeigis and John C. Peeler to represent him. (Docket No. 38 in Case No. 3:02-00053).

The Grand Jury subsequently issued Superseding Indictments adding additional drug trafficking charges, money laundering charges, a convicted felon in possession of a firearm

charge, and a solicitation of murder of witnesses charge against the Petitioner. (Docket Nos. 69, 225, 338 in Case No. 3:02-00053). The Superseding Indictments also added Co-Defendants Kenneth B. Kimball, Amilcar Butler, Steve Corlew, and Debra Moses. (Id.) Prior to trial, the Court severed Defendant Butler, as well as the solicitation of murder charge against the Petitioner, for separate trials. (Docket Nos. 347, 348, 349 in Case No. 3:02-00053).

The Petitioner and Co-Defendants Kimball and Corlew proceeded to trial, while the other Co-Defendants entered guilty pleas. At the conclusion of a three-week trial, the jury found the Petitioner guilty of all charges except the felon in possession charge, and determined that the Petitioner was subject to forfeiture of $21,000. (Docket Nos. 387, 388, 394 in Case No. 3:02-00053). Trial counsel filed motions for new trial and for judgment of acquittal, which were denied by the Court. (Docket Nos. 514 in Case No. 3:02-00053).

The Court subsequently sentenced the Petitioner to concurrent life terms on the drug trafficking charges (Counts Two, Thirteen, and Fifteen), and to shorter concurrent terms on the other counts. (Docket Nos. 525, 526 in Case No. 3:02-00053). At the sentencing hearing, the Court dismissed the severed the solicitation of murder charge on the motion of the Government. (Id.)

The Petitioner filed a Notice of Appeal, and the Sixth Circuit subsequently granted trial counsel's motion to withdraw. (Docket Nos. 543, 596 in Case No. 3:02-00053). The appeals court appointed James B. Hadden to represent the Petitioner on appeal. (Docket No. 597 in Case No. 3:02-00053). The court affirmed the conviction, but vacated and remanded the sentence for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005), which was issued after the Court imposed sentence. (Docket No. 684 in Case No. 3:02-00053; United States v. Kenneth

2

<u>Kimball, Randall Parker, and Steve Corlew</u>, 194 Fed. Appx. 373, 2006 Fed. Appx. 373 (6th Cir.

Sept. 8, 2006)).

On remand, the Court granted the motion of Mr. Hadden to withdraw, and Patrick G.

Frogge entered a Notice of Appearance on behalf of the Petitioner. (Docket Nos. 690, 692,698 in

Case No. 3:02-00053).  At the re-sentencing, the Court applied the decision in <u>Booker</u>, but

ultimately imposed the same sentence it had imposed prior to remand. (Docket Nos. 733, 734 in

Case No. 3:02-00053). On appeal of the Amended Judgment, the Sixth Circuit affirmed. (Docket

Nos. 738, 770 in Case No. 3:02-00053; <u>United States v. Randall R. Parker and Kenneth Kimball</u>,

341 Fed. Appx. 122 (6th Cir. Aug. 7, 2009)).  The Supreme Court subsequently denied the

Petitioner's petition for writ of certiorari. (Docket No. 776 in Case No. 3:02-00053; <u>Randall R.

Parker v. United States</u>, 131 S.Ct. 312 (Oct. 4, 2010)).

In its first decision, the Sixth Circuit presented the relevant facts as follows:

*Drug Charges*

Beginning in 1999, Kimball was the head of a drug trafficking operation. He
paid others, Corlew included, to import drugs into Nashville from Texas and New
Mexico, and then distributed them through Parker and others.

One of Kimball's suppliers in Texas, Russell Bourjaily, sold Kimball's
couriers-John Weston and Jimmy Patterson-hundreds of kilograms of cocaine
over a one-year period. Patterson and Weston made approximately 10 trips,
carrying hundreds of thousands of dollars in cash to El Paso and purchasing
around four hundred kilos of cocaine at a time. Margaret Harper, Kimball's
assistant and mistress, helped procure the large amounts of cash to pay suppliers.
Patterson and Weston usually delivered the contraband to K & K's Auto Service,
one of Kimball's businesses in Nashville. Parker served as one of Kimball's
principal distributors.

In December 2000, Patterson and Weston drove to El Paso with $ 592,000 in
cash to purchase cocaine from Bourjaily. On their way back to Nashville they
were stopped at a checkpoint where officers seized approximately 40 kilograms of
cocaine and records of other drug purchases.

*Solicitation of Violence*

Patterson told Weston that Kimball had sent unidentified persons to kill Bourjaily, whom Kimball suspected was behind the arrest. Kimball instructed Alva Lock to kill Bourjaily and provided him with a bomb which Lock kept stored in a locker and kept the detonator in his car. Kimball also gave Lock a Bersa handgun and a silencer. In August 2001, the police found the Bersa and the detonator in Lock's car. In May 2002, the bomb was found in the storage locker when it was opened after the contents were auctioned off for non-payment.

In August 2001, Eric Boyd identified Kimball as having supplied him with several kilos of cocaine. When other informants corroborated the fact that Kimball was a drug supplier in the Nashville area, a confidential informant contacted Patterson and recorded their meetings. During one such meeting, Patterson discussed a drug deal with Parker. These calls made Kimball and Parker erroneously suspect Patterson of cooperating with the police. Harper overheard Kimball and Parker agree that Patterson and Weston should both be killed. Kimball contacted James Bass and asked him to find someone who would do the deed for $ 10,000. Bass in turn contacted Marcel Boyd and Terrell Polk. Parker, Bass, Boyd and Polk met at Parker's business where Parker increased the fee to $15,000 to commit the murders and asked whether they could find other triggermen.

In 2002, the government contacted Kimball as part of a Nashville-based investigation. Kimball told Lock he was being investigated by the IRS, and that he had surrendered $ 118,000 in cash. Kimball then became concerned that Parker might testify against him, and asked Lock to kill Parker in addition to Bourjaily. Kimball also promised to pay off Lock's $ 115,000 mortgage. Lock ultimately failed to carry out his plan to kill Parker and Bourjaily.

*Money Laundering*

Kimball purchased "Frank's Auto Salvage" with cash, and used the business as a way to disguise the cash proceeds from the drug sales through structured transactions, and by falsifying sales of parts and scrap. Additionally, Parker paid cash for a Cadillac at a Nashville auto auction. Parker contacted Kimball and asked him to prepare false documents showing that Parker's sister, Debra Moses, purchased the vehicle from Kimball's used car lot, Tank's Auto Sales.

United States v. Kimball, et al., 194 Fed.Appx. at 375-376.


III. Analysis

A.  The Petitioner's Claims

Petitioner contends that his conviction should be vacated on the following grounds: (1) Petitioner received the ineffective assistance of trial and appellate counsel; (2) the Court violated the Sixth Amendment by applying certain enhancements to his sentence; and (3) the Court should have granted a judgment of acquittal on Count Fifteen because it failed to state an offense.

B.  The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1]  The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255.  In addition, where the same

---

[1]  28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. <u>Blackledge v. Allison</u>, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); <u>Blanton v. United States</u>, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; <u>Arredondo v. United States,</u> 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" <u>Id.</u> (quoting <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed the files, records, transcripts and correspondence filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. <u>Ineffective assistance of counsel</u>

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1403 (2011); <u>Campbell v. United States</u>, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's

6

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065. Cullen, 131 S.Ct. at 1403.

In proving prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland,104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; Cullen, 131 S.Ct. at 1403.

<u>Trial counsel</u>

Petitioner contends that trial counsel were ineffective on the following grounds: (1) failure to seek a severance from Co-Defendant Kimball; (2) failure to seek suppression of evidence regarding a drug bust in El Paso, Texas; (3) failure to object to quantity of drugs contained in the Presentence Investigation Report; (4) failure to develop a defense theory; (5) failure to object to court's denial of jury request for transcript of trial testimony; (6) failure to offer instruction on accomplice testimony; (7) failure to object to prior drug conviction used to enhance sentence; (8) failure to convey plea offer before trial; (9) failure to raise violation of Speedy Trial Act; (10) failure to object to admission of proffer statement; (11) failure to object to admission of cocaine; (12) failure to object to admission of bank account document; (13) failure to object to admission of video of reverse sting; (14) failure to object to admission of hearsay; (15) failure to preserve objections for appellate review; (16) failure to seek suppression of the gun charge for felon in possession of a firearm; (17) failure to object to admission of video of

conversations not played in court; (18) failure to conduct a pretrial investigation; (19) failure to

provide notice of, and subpoena, alibi witnesses; (20) failure to advise Petitioner of accurate

sentencing exposure; (21) failure to request a "Franks hearing;" (22) failure to subpoena records;

(23) failure to object to illegal search warrants; (24) failure to challenge the sufficiency of the

evidence on the school zone charge; (25) failure to challenge the sufficiency of the evidence on

the money laundering charges; (26) the accumulation of all trial counsel's errors resulted in an

unfair trial; (27) failure to object to testimony of Al Lock; (28) failure to object to admission of

Rule 404(b) evidence; (29) failure to challenge sufficiency of the evidence on Count Fifteen; and

(30) failure to object to conspiracy jury instruction.

(1) Failure to seek a severance

Petitioner argues that trial counsel should have sought to sever his trial from that of his

Co-Defendant, Kenneth Kimball. (Docket No. 1, at p. 4; Docket No. 47, at 10, 49; Docket No.

70, at 2). Petitioner contends that testimony and evidence relevant to the charges against

Defendant Kimball, such as evidence involving bombs and silencers, had no connection with

him, and the spillover effect of this evidence unfairly prejudiced him in front of the jury. (Id.)

Petitioner also points out that he was prejudiced by the admission of statements made by

Defendant Kimball to law enforcement because he was not able to cross-examine him at their

joint trial, relying on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476

(1968)(A defendant is deprived of his Sixth Amendment confrontation right when incriminated

by the introduction of a non-testifying co-defendant's confession at their joint trial).

Rule 14 of the Federal Rules of Criminal Procedure provides: "If the joinder of offenses

or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a

defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." As a general rule, however, "persons jointly indicted should be tried together.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008)(quoting United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987)). "Courts typically favor the joinder of defendants charged with participating in the same act or series of acts because it is more efficient than conducting separate trials." United States v. Gibbs, 182 F.3d 408, 434 (6th Cir. 1999). See also Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Defendants are not entitled to severance "merely because they may have a better chance of acquittal in separate trials." Zafiro, 113 S.Ct. at 938. Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id.

Courts presume that juries "are capable of sorting out the facts relevant to each individual defendant's case." Gibbs, 182 F.3d at 434. Furthermore, "[e]ven where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" Driver, 535 F.3d at 427 (quoting Zafiro, 113 S.Ct. at 938).

Petitioner has failed to show that he was prejudiced by his joint trial with Co-Defendant Kimball. The Court instructed the jury to consider each Defendant and each charge separately, and there is no evidence indicating that they did not follow that instruction. (Trial Transcript, at 2427 (Docket No. 560 in Case No. 3:02-00053)). On the contrary, the jury apparently followed that instruction as they acquitted the Petitioner on the felon in possession of a firearm charge. See United States v. Cope, 312 F.3d 757, 781 (6th Cir. 2002).

As to Petitioner's argument regarding the admission into evidence of confessions or statements made by Kimball that incriminated the Petitioner, Petitioner has failed to cite to the portion of the record where such statements were admitted at trial in violation of <u>Bruton</u>.

Because a joint trial with Defendant Kimball did not result in prejudice to the Petitioner, the Court concludes that trial counsel were not ineffective for any failure to request severance. <u>See</u>, <u>e.g.</u>, <u>Ludwig v. United States</u>, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

(2) <u>Failure to seek suppression of Texas drug bust</u>

Petitioner argues that trial counsel should have filed a motion to suppress evidence involving a drug bust that occurred in El Paso, Texas on December 11, 2000, which was admitted as to Count Fifteen charging Petitioner with attempted possession of five kilograms or more of cocaine with intent to distribute. (Docket No. 1, at 6; Docket No. 47, at 11; Docket No. 70, at 3).  Petitioner contends that admission of this evidence violated Rule 18 of the Federal Rules of Criminal Procedure because it involved Texas rather than Tennessee.

Rule 18 governs venue for criminal prosecutions, and requires the government to prosecute an offense in a district where the offense was committed.  Venue for continuous crimes is in any district where the offense was begun, continued, or completed. 18 U.S.C. § 3237(a). <u>See</u>, <u>e.g.</u>, <u>United States v. Castaneda</u>, 315 F. Appx 564, 569, 2009 WL 530132 (6th Cir. 2009).  Attempted possession of a controlled substance with the intent to distribute is a continuous crime. <u>United States v. Zidell</u>, 323 F.3d 412, 422-25 (6th Cir. 2003).

The evidence supporting the Petitioner's conviction on Count Fifteen included the testimony of James Bass that the Petitioner and Co-Defendant Kimball arranged and provided

money for the transportation of cocaine from Texas to Nashville, Tennessee for distribution in December, 2000. (Trial Transcript, at 1539-42 (Docket No. 557)). On their way back to Nashville, however, the couriers, Co-Defendants John Weston and Jimmy Patterson, were stopped at a checkpoint and the cocaine was seized. (Id.)

Although the cocaine the Petitioner attempted to possess and distribute was purchased from a source in Texas, the Petitioner's possession and distribution were to occur in Nashville, Tennessee. Therefore, venue was proper in the Middle District of Tennessee because the offense both began, continued and would have been completed in this District. See Zidell, 323 F.3d at 423. Because venue was proper in this District, the Court concludes that trial counsel were not ineffective for failing to challenge venue. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel). Petitioner does not suggest another meritorious basis on which to seek suppression of the evidence. Accordingly, this claim is without merit.

(3) Failure to object to drug quantity in Presentence Investigation Report

Petitioner argues that trial counsel should have objected to the drug quantity of 150 kilograms attributed to him in the Presentence Investigation Report. (Docket No. 1, at 8, 22; Docket No. 47, at 12). Citing Blakely v. Washington, 542 U.S. 296 (2004), Petitioner contends that the jury was required to make the drug quantity finding, and that the jury's guilty verdicts on the drug counts indicates that he should only be held responsible for 15 kilograms or more of cocaine. (Id.) Alternatively, the Petitioner argues that the evidence at trial does not support a finding that he was responsible for 150 kilograms. (Id.)

Trial counsel did not make the Blakely Sixth Amendment argument at the first sentencing

hearing because the hearing was held on June 4, 2004 *before* the <u>Blakely</u> decision was issued on June 24, 2004. (Docket Nos. 525, 526 in Case No. 3:002-00053). Appellate counsel did raise the <u>Blakely</u> Sixth Amendment issue in Petitioner's first appeal, and the Sixth Circuit rejected the argument:

> Parker first contends that the base level of his cocaine charge was erroneously calculated because the jury did not find that he was liable for 150 kilograms of cocaine. Here, Parker concedes that he was found guilty for 'five kilograms or more of cocaine.' The statutory maximum applicable to such an amount is life imprisonment, *see* 21 U.S.C. § 841(b), which is what he received. Thus, there is no Sixth Amendment violation.

<u>United States v. Kimball, et al.</u>, 194 Fed. Appx. at 378. The appeals court also rejected Petitioner's argument that there was insufficient evidence that he was responsible for 150 kilograms of cocaine: "And because Parker points to no fact that would undermine the district court's preponderance finding as to the quantity of drugs, there is no error in the PSR." <u>Id.</u>

During the second sentencing after remand, Petitioner's counsel raised these same arguments again. (<u>See</u> Rule 32(c)(1) Findings And Determinations Regarding Objections To Presentence Investigation Report, at ¶ 2 (Docket No. 734 in Case No. 3:02-00053)). This Court rejected the objections, finding that the record at trial supported the finding that 150 kilograms of cocaine was involved in the conspiracy, and noting that the Sixth Circuit had already rejected the <u>Blakely</u> argument in the first appeal. (<u>Id.</u>)

Petitioner's counsel raised the Sixth Amendment argument again in the second appeal, and the appeals court again rejected the argument. <u>United States v. Parker, et al.</u>, 341 Fed. Appx. at 124.

Petitioner's arguments regarding the quantity of cocaine have been repeatedly made and rejected by both this Court and the Court of Appeals. Accordingly, Petitioner has not shown that

12

he has received the ineffective assistance of counsel as to this issue.

(4) Failure to develop a defense theory

Petitioner states that trial counsel "made no effort at trial to develop a defense theory" (Docket No. 1, at p. 10), but does not specify any facts to support this claim. The Sixth Circuit has explained that conclusory, unsupported allegations are legally insufficient to support a motion to vacate. McConnell v. United States, 162 F.3d 1162, 1998 WL 552844 (6th Cir. Aug., 10, 1998). Without supporting facts, therefore, this claim is without merit.

(5) Failure to object to court's denial of request for transcript

Petitioner argues that trial counsel should have objected to the Court's denial of the jury's request for a transcript. (Docket No. 1, at p. 10; Docket No. 47, at 15, 48). Petitioner is presumably referring to the Court's response to a note sent by the jury during deliberations requesting a copy of the testimony of John Weston. (Docket No. 391 in Case No. 3:02-00053). Upon receiving the note, the Court discussed it with counsel outside the presence of the jury. (Trial Transcript, at 2459-2466 (Docket No. 561 in Case No. 3:02-00053)). Counsel for each of the Defendants took the position that the testimony should not be provided because there would be a risk that the jurors would emphasize that testimony over other evidence. (Id.) On the other hand, counsel for the Government requested that the testimony be provided to the jury. (Id.) The Court declined the request, expressing the concern that the jury would unduly emphasize Mr. Weston's testimony, and explaining that as a practical matter, transcribing the testimony would involve some delay as Mr. Weston testified for over four hours. (Id.) The Court sent a note to the jury advising them that the requested transcript could not be provided. (Docket No. 392 in

Case No. 3:02-00053).

The Petitioner has not stated why counsel erred in resisting the request for a transcript of Mr. Weston's testimony. He does not explain the aspects of Mr. Weston's testimony that were relevant to the charges against him, nor does he indicate how the jury's inability to review Mr. Weston's testimony resulted in prejudice to him. Moreover, the Sixth Circuit has held that there is no recognized constitutional right to the production of trial transcripts to the jury. United States v. Sain, 387 Fed. Appx 558, 560, 2010 WL 2803936 (6th Cir. 2010). Thus, Petitioner has not shown that he received the ineffective assistance of counsel on this issue

(6) Failure to offer instruction on accomplice testimony

Petitioner argues that trial counsel failed to object to the jury instruction on accomplice testimony given by the Court, and apparently contends that trial counsel should have proposed an instruction that such testimony is inherently unreliable. (Docket No. 1, at 10; Docket No. 47, at 15).

In instructing the jury about accomplice testimony, the Court tracked the language of the Sixth Circuit's Pattern Criminal Jury Instruction 7.08:

> You have heard testimony that certain witnesses were involved in the same crime that the defendants are charged with committing. You should consider their testimony with more caution than the testimony of other witnesses. Do not convict a defendant based on unsupported testimony of such a witness standing alone unless you believe the testimony beyond a reasonable doubt. The fact that a witness has pled guilty to a crime that is not evidence – that a defendant is guilty. Excuse me. The fact that a witness has pleaded guilty to a crime is not evidence that a defendant is guilty and you cannot consider this against a defendant in any way.

(Trial Transcript, at 2432 (Docket No. 560 in Case No. 3:02-00053)). See United States v. Savoca, 166 Fed. Appx 183, 187, 2006 WL 126737 (6th Cir. 2006)(Approving use of Pattern

7.08 on accomplice testimony).

In light of this instruction, Petitioner has not shown that he was prejudiced by the absence of an instruction that accomplice testimony is "inherently unreliable." See United States v. Carr, 5 F.3d 986, 992, 1993 WL 376594 (6th Cir. 1993)(Court finds no error in failure to give instruction highlighting the credibility problems inherent in accomplice testimony where court's instruction adequately informed the jury regarding the credibility of witness testimony). Therefore, Petitioner has failed to show that he received the ineffective assistance of counsel on this issue.

(7) Failure to object to prior drug conviction used to enhance sentence

Petitioner argues that trial counsel should have objected to use of his prior conviction for possessing marijuana to enhance his sentence under 21 U.S.C. § 851 because the conviction was a misdemeanor, not a felony. (Docket No. 1, at 14; Docket No. 47, at 42).

Section 851 provides that the Government must provide notice of a prior conviction upon which it seeks to rely in requesting increased punishment for a defendant under 21 U.S.C. § 841. Section 841 provides for increased punishment for defendants who have had a prior "felony drug offense." Section 802(44) defines "felony drug offense " as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State. . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

The Government filed an Information Alleging Prior Conviction (21 U.S.C. § 851) providing notice to the Petitioner prior to trial of its allegation that the Petitioner had a prior felony drug offense for "Possession of Schedule VI (marijuana) controlled substance for resale,

in Case 88-S-1492 in the Criminal Court of Davidson County, Tennessee." (Docket No. 345 in Case No. 3:02-00053). The Information indicated that the offense date was March 16, 1988, and the sentencing date was March 2, 1989, and attached a copy of the judgment. (Id.) The Judgment states that the Petitioner pled guilty to "possession Schedule VI (marijuana) controlled substance for resale which (is) [the word "is" is circled] a felony." (Id.) The Petitioner was sentenced to one year of jail in the local workhouse. (Id.) The offense was listed in the Presentence Investigation Report at ¶ 108. (Docket No. 578 in Case No. 3:02-00053).

Although the Petitioner has filed a printout that purports to be his criminal record, it does not support his claim as it identifies the offense as a "felony." (Docket No. 47-1, at 4, 5 of 41).

Petitioner has failed to provide support for his argument that the prior drug offense was not a "felony." Accordingly, he has not shown that trial counsel were ineffective for any failure to raise this argument.[2]

(8) Failure to convey plea offer before trial

Petitioner argues that trial counsel failed to convey a plea offer made to him by the Government prior to trial. Petitioner alleges that he "learned after trial that sometime prior to trial the government offered a plea of 5-8 years in the case against him." (Docket No. 1, at p. 16; Docket No. 47, at p. 17-18, 30). In another filing, the Petitioner states that counsel told him after trial that the government had offered him a plea bargain at some unspecified time prior to trial in which he would have pled guilty to the firearm charge for a seven-year sentence, and an unspecified conspiracy charge would have been dismissed. (Docket No. 47, at p. 30). According

---

[2] Petitioner's counsel did raise a similar argument at the second sentencing hearing, but the Court rejected it as meritless. (Docket No. 734, at 7 of 12 in Case No. 3:02-00053).

to the Petitioner, counsel said he "forgot" to inform the petitioner about the plea offer. (Id.)

Petitioner offers no evidence to support his claim that such a plea offer was ever made, and Petitioner's description of the offer is not credible in light of the record. As explained above, Petitioner was initially charged with conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 9 in Case No. 3:02-00053). The Grand Jury subsequently issued a Superseding Indictment adding additional drug trafficking charges, money laundering charges, and a convicted felon in possession of a firearm charge. (Docket Nos. 69, 225 in Case No. 3:02-00053). A count charging solicitation to commit murder of witnesses was added shortly prior to trial. (Docket No. 338 in Case No. 3:02-00053).

That the alleged plea offer described by the Petitioner only accounts for two of the nine charges brought against him weighs against its authenticity. Also weighed against the authenticity of the alleged plea offer is the 20-year statutory mandatory minimum sentence on the any one of the three drug trafficking charges. (Docket No. 69 in Case No. 3:02-00053; 21 U.S.C. § 841(b)(1)(A)). Petitioner does not indicate any agreement on his part to offer substantial assistance to the Government as part of any plea offer. Under these circumstances, the Court concludes that the Petitioner has failed to support his claim that there was a plea offer that trial counsel failed to convey, and therefore, this claim is without merit. McConnell v. United States, 162 F.3d 1162, at *2 (Conclusory, unsupported allegations are legally insufficient to support a motion to vacate).

(9) Failure to raise violation of Speedy Trial Act

Petitioner argues that trial counsel were ineffective for waiving his rights under the Speedy Trial Act on June 19, 2002, which he contends was 22 days after he was required to be tried under the Act.  (Docket No. 1, at 24; Docket No. 70, at 4).

The Petitioner was arrested and detained on a Complaint in the underlying criminal case on March 21, 2002. (Docket Nos. 1, 10, 18 in Case No. 3:02-00053).  The Indictment was issued on March 21, 2002 (Docket No. 9 in Case No. 3:02-00053), and current trial counsel entered a Notice Of Appearance on May 6, 2002. (Docket No. 38 in Case No. 3:02-00053).[3] The Court initially set the trial for July 9, 2002. (Docket No. 39 in Case No. 3:02-00053).

On June 18, 2002, Petitioner's trial counsel filed a Motion To Continue Trial (Docket No. 40 in Case No. 3:02-00053), requesting that the Court continue the trial to allow them additional time to prepare.  Counsel also filed an Affidavit in support of the Motion, along with a Waiver Of Right To Speedy Trial (Docket Nos. 41, 42 in Case No. 3:02-00053).  The Waiver states as follows:

> I Randall R. Parker, hereby state to the Court that I have been advised of my rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. and the Plan for Prompt Disposition of Criminal Cases adopted by this Court, and have further been advised that my case is currently set for trial on July 9, 2002, and that I may have my case tried on that date if I desire.  I hereby consent to having my case continued for trial until a later date, and in so doing, waive any rights I may have under the Speedy Trial Act and the Plan for Prompt Disposition of Criminal

---

[3]   Petitioner was represented at the initial appearance by Assistant Federal Public Defender Sumter Camp. (Docket No. 5 in Case No. 3:02-00053).  At the initial setting for the Petitioner's detention hearing, Mr. Camp indicated that he had a conflict of interest, and the Petitioner indicated that he had retained E. E. (Bo) Edwards III to represent him. (Docket No. 13 in Case No. 3:02-00053). Mr. Edwards represented the Petitioner at the rescheduled detention hearing (Docket No. 17 in Case No. 3:02-00053), and shortly thereafter, moved to withdraw. (Docket Nos. 34, 35 in Case No. 3:02-00053). Retained counsel, Jon C. Peeler and Martin G. , Szeigis, thereafter filed a Notice of Appearance on behalf of the Petitioner. (Docket No. 38 in Case No. 3:02-00053).

Cases.

(Docket No. 42 in Case No. 3:02-00053)(emphasis in original).  The Waiver is dated June 14, 2002, and is signed by the Petitioner. (Id.)  The Court granted the request for continuance, finding the continuance to be in the "interests of justice" and continued the trial until September 24, 2002. (Docket No. 43 in Case No. 3:02-00053).[4]

Petitioner's argument is based on his claim that "trial counsel waived" his Speedy Trial rights.  As indicated by the record, however, Petitioner executed the Waiver of his Speedy Trial rights, and has not suggested that his signature on the Waiver was forged.  Thus, Petitioner has not show that trial counsel were ineffective in waiving the Petitioner's Speedy Trial rights without his knowledge.

As for Petitioner's argument that his Speedy Trial rights had already been violated at the time the Waiver was filed, the record belies this claim as well.  The Speedy Trial Act requires that a criminal trial be set within 70 days after the indictment is filed or the defendant has an initial appearance, whichever date last occurs. 18 U.S.C. § 3161(c)(1).  The Act also provides for adjustments to the seventy-day deadline through certain excludable time periods set forth in Section 3161(h).  One of those excludables is for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).  The Petitioner was joined with two co-defendants in the first Indictment – Jimmy Ray Patterson and John Weston.  Defendant Weston was arrested in Kansas, and did not have his initial appearance until April 24, 2002.

---

[4]   Despite Petitioner's allegation to the contrary, the Court also found subsequent continuances to be "in the interests of justice." (Docket Nos. 47, 118, 159, 189, 239, 290 in Case No. 3:02-00053).

(Docket No. 21 in Case No. 3:02-00053). Therefore, the "time for trial" as to the three defendants was 70 days after April 24, 2002, or July 3, 2002.

Another excludable to the 70-day deadline is for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). One of the pretrial motions in this case, a Motion For Detention (Docket No. 4 in Case No. 3:02-00053) of the Petitioner, was filed on March 21, 2002. The hearing and resolution of that Motion occurred on April 9, 2002 (Docket Nos. 17, 18 in Case No. 3:02-00053). Thus, 19 days of excludable time applied to the July 3, 2002 deadline for this pretrial motion, which would extend the 70-day deadline to July 22, 2002. The Court's setting of the initial trial date of July 9, 2002 was well within this deadline, even if the Court does not consider the other pretrial motions that were filed before the trial setting. (See Docket Nos. 14, 34 in Case No. 3:02-00053). Accordingly, Petitioner's claim that the Court exceeded the 70-day Speedy Trial Act deadline in initially setting the case for trial is without merit, and trial counsel were not ineffective for failing to raise such a claim. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

(10) Failure to object to admission of proffer statement

Petitioner argues that trial counsel were ineffective for failing to object to the admission of Co-Defendant Ken Kimball's proffer statement to the Government. (Docket No. 1, at 24). Petitioner states that the Government adduced testimony from witness Alva Lock at trial, in violation of Kimball's proffer agreement, that Kimball was working with the federal government to "set up" the Petitioner in a reverse drug sting operation. (Id.) Petitioner also states that Mr.

20

Lock testified, also in violation of the proffer agreement, that Kimball offered Mr. Lock $118,000 to murder the Petitioner. (Id.)

Petitioner does not state, however, how this testimony about the Co-Defendant's plans to "set him up" and have him murdered prejudiced the Petitioner's defense. Petitioner also fails to specify the grounds upon which trial counsel could have raised an objection. Trial counsel for Co-Defendant Kimball objected to Mr. Lock's testimony and requested a mistrial based on their contention that such testimony violated the terms of Kimball's proffer agreement. (Trial Transcript, at 2002-13 (Docket No. 559 in Case No. 3:02-00053)). The Court denied the objection and request for mistrial. (Id.) Petitioner has not suggested how the lodging of an objection by his trial counsel would likely have been successful. Accordingly, Petitioner has failed to show that trial counsel were ineffective for failing to raise such an objection.

(11) Failure to object to admission of cocaine

Petitioner argues that trial counsel should have objected, based on Federal Rules of Evidence 401, 403, and 404(b),[5] to the introduction in evidence of five kilograms of cocaine that

_____

[5] Fed. R. Evid. 401 provides:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

were seized from Amilcar Butler. (Docket No. 1, at 24; Docket No. 47, at 35).  Petitioner argues

that the evidence was not relevant to the charges against him or Co-Defendant Kimball, and

alleges that the evidence was seized from Butler months after the charged conspiracy ended. (Id.)

Petitioner also contends that counsel should have objected to the Court's allowing the evidence

in the jury room during deliberations. (Id.)

Petitioner has not identified the five kilograms of cocaine allegedly entered into evidence

---

following: unfair prejudice, confusing the issues, misleading the
jury, undue delay, wasting time, or needlessly presenting
cumulative evidence.

Fed. R. Evid. 404(b) provides:

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or
other act is not admissible to prove a person's
character in order to show that on a particular
occasion the person acted in accordance with the
character.

(2) Permitted Uses; Notice in a Criminal Case. This
evidence may be admissible for another purpose,
such as proving motive, opportunity, intent,
preparation, plan, knowledge, identity, absence of
mistake, or lack of accident. On request by a
defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the
general nature of any such evidence
that the prosecutor intends to offer at
trial; and

(B) do so before trial--or during trial
if the court, for good cause, excuses
lack of pretrial notice.

by an exhibit number, nor has he identified the authenticating witness for the cocaine. The Government introduced approximately two kilograms of cocaine that was thrown from a car by Amilcar Butler during a chase by police on June 14, 2000. (Trial Exhibit Nos. 33C, 33D; Trial Transcript, at 1307-1310, 1315, 1322, 1466-1469 (Docket Nos. 556, 557 in Case No. 3:02-00053)). The record does not reveal the introduction in evidence of five kilograms of cocaine involving Mr. Butler. Thus, any objection to introduction of the cocaine, and any objection to allowing the cocaine to be examined by the jury in the deliberation room, would have been rejected, and trial counsel were not ineffective for failing to raise such objections. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

The Government did introduce testimony referring to Mr. Butler's arrest on September 17, 2000, and that as a result, Co-Defendant Kimball, the Petitioner and James Bass agreed to purchase a load of cocaine without Butler's participation. (Trial Transcript, at 1538-1539, 2127 (Docket Nos. 557, 559 in Case No. 3:02-00053)). That testimony referred to events that were within the date range of the charged drug conspiracy, which covered the period from September, 1999 to December, 2000. (Docket No. 33 in Case No. 3:02-00053). Therefore, the testimony was not about events outside the time period of the charged conspiracy, and was relevant to the drug conspiracy charge. Consequently, objections based on Rules 401, 403 and 404(b) would not have been sustained. The Petitioner does not otherwise indicate the basis on which trial counsel could have objected to such testimony. Accordingly, this claim is without merit.

(12) Failure to object to admission of bank account document

Petitioner argues that trial counsel should have objected to the introduction of bank records from First American Bank and Sun Trust Bank for the years 1999-2000 because the records were fraudulent. (Docket No. 1, at 26). Petitioner does not identify the bank records by exhibit number, the name of the authenticating witness, nor does he specify the name on the bank account for whom the records were made.  In addition, Petitioner does not specify why he believes the records are fraudulent.  Accordingly, he has failed to show that trial counsel were ineffective for any failure to raise such an objection. McConnell v. United States, 162 F.3d 1162, at *2 (Conclusory, unsupported allegations are legally insufficient to support a motion to vacate).

(13) Failure to object to admission of video of reverse sting

Petitioner argues that trial counsel should have objected to the introduction of a videotape recording of a reverse sting at Co-Defendant Ken Kimball's business at a time when Kimball was working with the Government as an informant. (Docket No. 1, at 28; Docket No. 47, at 15).

Petitioner does not provide an exhibit number, the name of the authenticating witness, or any other information that would identify the particular videotape to which he is referring.  The Government introduced Trial Exhibits 16A through 16V, which included two videotapes and several audiotapes of meetings involving Jimmy Ray Patterson, Russell Bourjaily, Detective Tim Bailey of the Sumner County Sheriff's Department, working in an undercover capacity, Maximino Saenz, and others.  (Trial Transcript, at 560-603 (Docket No. 553 in Case No. 3:02-00053)).  The Government also introduced a videotaped explosives demonstration, Trial Exhibit 60A1. (Trial Transcript, at 1682-86 (Docket No. 557 in Case No. 3:02-00053)).  None of these videotapes were recorded at Co-Defendant Ken Kimball's business during a reverse sting with Kimball acting as an informant.  Accordingly, Petitioner has failed to show that he was

prejudiced by any failure of trial counsel to object to admission of the videotape.

(14) <u>Failure to object to admission of hearsay</u>

Petitioner argues that trial counsel should have objected to the introduction of a letter which contained hearsay on the ground that there was insufficient evidence of a joint venture between the defendants. (Docket No. 1, at 28). In using the term "joint venture," the Court assumes the Petitioner is referring to Federal Rule of Evidence 801(d)(2)(E), which provides that statements of co-conspirators made during and in furtherance of a conspiracy are admissible as non-hearsay. Although the "letter" to which the Petitioner refers is not clear, the Court clearly found that certain evidence at trial was admissible under the co-conspirator exception because the Government had proved the existence of a conspiracy by a preponderance of the evidence as to each alleged conspiracy. (Trial Transcript, at 2181 (Docket No. 559 in Case No. 3:02-00053)).

The Petitioner has not suggested any valid basis for the Court to reconsider its earlier finding, especially in light of the jury's guilty verdict on the conspiracy counts. Accordingly, Petitioner has not shown that trial counsel were ineffective for any failure to object to admission of a "letter" or other evidence through Rule 801(d)(2)(E).

(15) <u>Failure to preserve objections for appellate review</u>

Petitioner argues that trial counsel failed to object or preserve issues for appellate review. (Docket Nos. 5, 11). Petitioner does not specify, however, any particular objections that were considered waived for failure to preserve them. In any event, the Court has not disposed of Petitioner's claims in this action based on any imputed waiver by counsel, and therefore, Petitioner has not been prejudiced by any failure to preserve claims. Accordingly, this claim is without merit.

(16) <u>Failure to seek suppression of the gun charge for felon in possession of a firearm</u>

Petitioner contends that trial counsel should have moved to suppress the gun that is the subject of the felon in possession of a firearm charge, and should have objected to the admission of the firearm and ammunition at trial. (Docket No. 5, at 2; Docket No. 47, at 46, 50). The Petitioner argues that the search warrant did not list a firearm among the items to be seized. (<u>Id.</u>) Petitioner also argues that at the time the firearm was seized, his 1988 conviction for possession of marijuana had been expunged. (<u>Id.</u>)

Petitioner was charged with being a felon in possession of a firearm, but was acquitted by the jury. (Trial Transcript, at 2475 in Case No. 3:02-00053; Docket Nos. 388, 394 in Case No. 3:02-00053). In light of the acquittal, Petitioner has not explained how he was prejudiced by any failure of trial counsel to challenge admission of the firearm based on an allegedly defective search warrant or otherwise.

As for his argument that his prior conviction was expunged at the time the firearm was seized, Petitioner provides no evidence of any expungement and there is no evidence in the record to support such a claim. Accordingly, Petitioner has failed to show that trial counsel were ineffective for any failure to raise the claim.

(17) <u>Failure to object to admission of video of conversations not played in court</u>

Petitioner argues that trial counsel should have objected to the admission of three videotaped recordings of conversations that were sent to the jury room during deliberations. (Docket No. 5, at 2-3). Petitioner argues that consideration of the videotapes by the jury was objectionable because they were not played in court during the trial. (<u>Id.</u>) Petitioner does not provide an exhibit number for the recordings, the name of the authenticating witness, or any

other information that would identify the videotapes to which he is referring. As noted above, Trial Exhibits 16A through 16V included two videotapes and several audiotapes of meetings involving Jimmy Ray Patterson, Russell Bourjaily, Detective Tim Bailey of the Sumner County Sheriff's Department, working in an undercover capacity, Maximino Saenz, and others. (Trial Transcript, at 560-603 (Docket No. 553 in Case No. 3:02-00053)). Trial Exhibit 60A1 was a videotaped explosives demonstration. (Trial Transcript, at 1682-86 (Docket No. 557 in Case No. 3:02-00053)). Petitioner does not indicate that these are the exhibits to which he is referring.

In any event, the Petitioner does not state a basis upon which trial counsel could have objected to admission of the videotapes, nor does he cite legal support for his argument that all videotape recordings must be played in court in order to be admitted into evidence. To the extent Petitioner alleges the videotapes provided to the jury contained information that had not been formally admitted into evidence, he provides no support for such an allegation. Accordingly, this claim is without merit. McConnell v. United States, 162 F.3d 1162, at *2 (Conclusory, unsupported allegations are legally insufficient to support a motion to vacate).

(18) Failure to conduct a pretrial investigation

Petitioner argues that trial counsel failed to conduct a general investigation before trial. (Docket No. 11, at 3). Petitioner does not identify any specific areas of inquiry counsel should have explored, however, or any other specific complaints to support this claim. Accordingly, this claim is without merit. McConnell v. United States, 162 F.3d 1162, at *2 (Conclusory, unsupported allegations are legally insufficient to support a motion to vacate).


(19) Failure to provide notice of, and subpoena, alibi witnesses

Petitioner argues that trial counsel should have given notice of an alibi defense and should have issued subpoenas to alibi witnesses. (Docket No. 11, at 4-5; Docket No. 47, at 22). Petitioner contends that he told counsel that Co-Defendant Kimball had falsely accused him of paying money to purchase drugs, and "that he was in California visiting a friend named Martha Jackson at that time." (Docket No. 47, at 22). According to the Petitioner, Ms. Jackson would have testified on his behalf. (Id.) Petitioner also alleges that trial counsel should have obtained his airline ticket. (Id.)

Petitioner appears to suggest that this evidence would rebut a recorded statement of Co-Defendant Kimball that was introduced at trial, but the Petitioner has not cited to the record where any such statement was admitted.[6]

Petitioner was charged with engaging in a drug conspiracy with Co-Defendant Kimball during the time period from September, 1999 to December, 2000. (Docket No. 338, at 2 in Case No. 3:02-00053). Petitioner does not identify a particular time during the charged conspiracy for which Ms. Jackson would have testified. Petitioner does not suggest that he was in California during the entire period of the charged conspiracy. Nor does Petitioner explain why such testimony would have made a difference in the outcome of the trial given all the other evidence supporting the conspiracy conviction. Accordingly, the Petitioner has failed to show that trial counsel were ineffective for failing to call Ms. Jackson, or for failing to obtain an airline ticket.[7]

_____

[6] Petitioner may be referring to statements of Co-Defendant Kimball to law enforcement that were included in the affidavit supporting search warrants for locations connected to the Petitioner. (Docket No. 19 in Case No. 3:02-00053). Petitioner has not cited any point in the record, however, at which these statements were admitted into evidence at trial.

[7] The Court notes that the Government has filed an Affidavit of Petitioner's trial counsel in which they state that they spoke with Ms. Jackson on October 7, 2002 and concluded that her

(20) Failure to advise Petitioner of accurate sentencing exposure

Petitioner argues that trial counsel misled him as to the potential sentence he faced. (Docket No. 11, at 5). Petitioner does not specify, however, what he was told by trial counsel or how the information was inaccurate. Accordingly, this claim is without merit. McConnell v. United States, 162 F.3d 1162, at *2 (Conclusory, unsupported allegations are legally insufficient to support a motion to vacate).

(21) Failure to request a "Franks hearing"

Petitioner argues that trial counsel should have requested a "Franks hearing" to determine the admissibility of evidence against him. (Docket No. 11, at 5; Docket No. 47, at 38). Petitioner contends that the information contained in the recorded statements used to establish probable cause to search his residence was false. (Id.) According to the Petitioner, if trial counsel had challenged the search warrant, the firearm discovered in the search of his residence would not have been admitted, and he would not have been convicted. (Id.)

In order to show he is entitled to a hearing based on Franks v. Delaware, 483 U.S. 154, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978), a defendant must make a substantial preliminary showing that: (1) specific false statements, made intentionally or with reckless disregard for the truth about material matters, were included in a search warrant affidavit; and (2) those statements were necessary to a finding of probable cause. Franks v. Delaware, 98 S.Ct.at 2676; United States v. Mastromatteo, 538 F.3d 535, 545 (6th Cir. 2008); United States v. Hill, 142 F.3d 305,

---

testimony would not be in the Petitioner's best interest. (Docket No. 67-1, at 7-8). They further state that they advised the Petitioner of this decision and that he did not insist on presenting her as a witness at trial. (Id.) The Court finds it unnecessary to rely on the affidavit, however, in ruling on Petitioner's claim.

310 (6th Cir. 1998); <u>United States v. Bennett</u>, 905 F.2d 931, 934 (6th Cir. 1990).  At the hearing, if the defendant can establish the allegations of intentional falsehood by a preponderance of evidence, and exclusion of the false statements would leave the affidavit with insufficient information to establish probable cause, then the warrant is invalid, and the fruits of the search are excluded. <u>Id.</u>

Petitioner has failed to identify any information in the affidavit supporting the search warrant that was false, nor does he indicate reckless or intentional conduct on the part of the affiant. Therefore, he has not stated a basis for which trial counsel could have requested a <u>Franks</u> hearing.  In addition, Petitioner's statement that he was prejudiced by his conviction on the firearm count is belied by the record as he was acquitted on that count. (Trial Transcript, at 2475 in Case No. 3:02-00053; Docket Nos. 388, 394 in Case No. 3:02-00053).  Accordingly, this claim is without merit.

(22) <u>Failure to subpoena records</u>

Petitioner argues that trial counsel should have issued subpoenas for "all Bank Accounts statements, Business 10R investment C/N construction, Custom Wheel Shop, Credit card record, American Express, Capital One, American Airline, and Southwest Records." (Docket No. 11, at 5).  Petitioner contends that these records would have "declared this client's innocence." (<u>Id.</u>)

Petitioner has failed to specify, however, the evidence contained in these records that would have supported his defense.  Accordingly, Petitioner has failed to show that trial counsel were ineffective for any failure to subpoena these records. <u>McConnell v. United States,</u> 162 F.3d 1162, at *2 (Conclusory, unsupported allegations are legally insufficient to support a motion to vacate).

(23) <u>Failure to object to illegal search warrants</u>

Petitioner argues that trial counsel failed to object or preserve an objection to the illegal search warrant used in Case Number 02-17M-K. (Docket No. 11, at 6). In another filing, Petitioner contends that trial counsel should have challenged the search warrants for the following businesses or locations: Nubian Hair Studio; Custom Wheels Performance; Precision Automotive; 1730 Kellow Street, Nashville, Tennessee; and 6430 Charlotte Pike, Apt. No. 1604, Nashville, Tennessee. (Docket No. 47, at 43). Petitioner argues that the search warrants were invalid "anticipatory search warrants" in which execution was contingent on "the delivery of the ten kilograms of sham cocaine to Parker at Kenneth Kimball's place of business." (Docket No. 47, at 43). Petitioner cites Paragraph 36 of the search warrant affidavit, which states:

> The Nashville DEA intends to conduct an undercover operation in which ten (10) kilograms of 'sham' or 'fake' cocaine will be offered to Parker for sale. Kimball states that Parker may arrive at an unpredictable time to view the 'sham' or 'fake' cocaine making the execution of the search warrants necessary at night based on the actions of Parker.

(Docket No. 19 in Case No. 3:02-00053).

An "anticipatory search warrant" is a search warrant "based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place." <u>United States v. Grubbs</u>, 547 U.S. 90, 94, 126 S. Ct. 1494, 1498, 164 L. Ed. 2d 195 (2006). Most anticipatory search warrants "subject their execution to some condition precedent other than the mere passage of time – a so-called 'triggering condition.'" <u>Id.</u> <u>See</u> <u>also</u> <u>United States v. Penney</u>, 576 F.3d 297, 311 (6th Cir. 2009)(Anticipatory search warrants "are typically sought to conduct searches triggered by police-controlled delivery of contraband when there is little or no evidence connecting the place to be searched with evidence of a crime

other than contraband to be delivered.")  Anticipatory search warrants are valid if it is shown that the triggering condition would establish probable cause, and that the triggering condition is likely to occur. Grubbs, 547 U.S. at 96-96.

The search warrants challenged by the Petitioner are not anticipatory search warrants because they do not rely on a triggering event to establish probable cause.  Indeed, the affidavit supporting the search warrants is 22 pages in length and explains in detail why there is probable cause to believe evidence of a crime is located at the addresses identified. (Docket No. 19 in Case No. 3:02-00053). Paragraph 36, to which the Petitioner refers, does not indicate otherwise. The language of that paragraph describes the basis for requesting permission to execute the search warrant at night. See Fed. R. Crim. P. 41(e)(A)(ii).  Thus, Petitioner has not shown that trial counsel were ineffective for failing to argue that the search warrants were invalid anticipatory search warrants, nor has he otherwise stated any specific grounds upon which trial counsel could have successfully challenged the warrants.

(24) Failure to challenge the sufficiency of the evidence on the school zone charge

Petitioner contends that trial counsel should have challenged the sufficiency of evidence for his conviction on the charge of possessing cocaine within 1000 feet of a school or college. (Docket No. 11, at 6).  Petitioner does not, however, specify any basis on which counsel could make such a challenge.  Therefore, this claim is without merit.  McConnell v. United States, 162 F.3d 1162, at *2 (Conclusory, unsupported allegations are legally insufficient to support a motion to vacate).

(25) Failure to challenge the sufficiency of the evidence on the money laundering charges

Petitioner argues that counsel failed to challenge the sufficiency of the evidence for his

conviction on the money laundering charges in Counts Four, Seven, Ten and Fourteen. (Docket No. 11, at 6; Docket No. 47, at 55). Plaintiff contends that the Government failed to prove that the money was the proceeds of unlawful activity, and specifically cites to the language of Court Fourteen. (Id.)

Count Fourteen charged the Petitioner and Co-Defendant Kimball with a violation of 18 U.S.C. § 1956(a)(1)(A)(i), on or about December 8, 2000, through the delivery of over $500,000 in proceeds from specified unlawful activity to promote the carrying on of more specified unlawful activity. (Docket No. 338 in Case No. 3:02-00053).

There was sufficient evidence admitted at trial to support Petitioner's conviction on Count Fourteen. As discussed above, the evidence at trial indicated that the Petitioner and his co-conspirators paid couriers to travel to Texas and return with drugs for distribution in Nashville. In December, 2000, the couriers traveled to Texas with $592,000 in cash for the purchase of 40 kilograms of cocaine. On the way back to Nashville, law enforcement officers stopped the couriers and seized the cocaine.

James Bass testified that he, Co-Defendant Kimball and the Petitioner used the profits from the prior cocaine purchases from Texas to finance the purchase in December, 2000. (Trial Transcript, at 1537-1542 (Docket No. 557 in Case No. 3:02-00053)). Although trial counsel made the point on cross examination that Mr. Bass did not see the Petitioner give any money to Co-Defendant Kimball, the jury was reasonable in concluding that the Petitioner used his drug money profit to finance the December, 2000 purchase. (Id., at 1606-1607, 1628-1629). The Court notes that Petitioner does not identify an alternative source for the funds. Accordingly, the Petitioner has failed to show that counsel were ineffective for any failure to raise the sufficiency

argument. <u>See</u>, <u>e.g.</u>, <u>Ludwig v. United States</u>, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

(26) <u>The accumulation of all trial counsel's errors resulted in an unfair trial</u>

Petitioner argues that the accumulation of all errors of trial counsel rendered his trial unfair. (Docket No. 47, at 16). As the Petitioner has not shown that trial counsel erred, he has also failed to show that his trial was rendered unfair by an accumulation of errors. Accordingly, this claim is without merit.

(27) <u>Failure to object to testimony of Al Lock</u>

Petitioner argues that trial counsel should have objected to the testimony of Al Lock. (Docket No. 47, at 33). Petitioner contends that the prosecution and defense entered into a pretrial agreement that Al Lock would not be allowed to testify about Co-Defendant Kimball's problems with the I.R.S, or about an alleged conversation in which Kimball asked Lock to assist in a reverse drug sting operation targeting the Petitioner. (<u>Id.</u>) Petitioner states that the Government violated that agreement at trial. (<u>Id.</u>)

Petitioner does not identify the pretrial agreement to which he is referring, but assumes he is referring to an agreement between the Government and Co-Defendant Kimball regarding a proffer statement made by Co-Defendant Kimball prior to trial. Petitioner does not indicate how Al Lock's testimony would be covered by a proffer agreement involving Kimball, nor does he explain how he would have standing to enforce the agreement made with his Co-Defendant. Petitioner also fails to explain how the evidence in question prejudiced him. Petitioner even states in his brief that the reverse sting operation, which was unsuccessful, showed that the Petitioner was an innocent businessman. (Docket No. 47, at 34). Accordingly, Petitioner has

failed to show that trial counsel were ineffective for any failure to object to Lock's testimony based on the proffer agreement.

(28) Failure to object to admission of Rule 404(b) evidence

Petitioner argues that trial counsel should have objected to admission of evidence about drug sales with Willie Gene Ogburn, Keith Patton, and Courtland Douglas on the grounds that such evidence violated Federal Rule of Evidence 404(b). (Docket No. 47, at 7, 47).

Rule 404(b) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evidence offered as part of a conspiracy alleged in an indictment does not fall within Rule 404(b) because it is not evidence of another crime. See, e.g., United States v. Bailey, 61 Fed. Appx. 233 (6th Cir. Apr. 23, 2003).

At trial, counsel made an objection under Rule 404(b) prior to the time these witnesses were called by the Government. (Trial Transcript, at 1220-1223 (Docket No. 556 in Case No. 3:02-00053)). The Government argued that the testimony of these witnesses was not covered by Rule 404(b) because it related to, and was within the date range of, the drug conspiracy charged in Count Two, and also related to the money laundry conspiracy charged in Count Four. (Id.) The date range of those charged conspiracies was September 1999 to December 2000. (Docket No. 338 in Case No. 3:02-00053). The Court ruled that the evidence was not within the parameters of Rule 404(b) as it related to matters that occurred within the date range of the conspiracies, but directed counsel to make a contemporaneous objection to any testimony outside the date ranges charged. (Trial Transcript, at 1223 (Docket No. 556 in Case No. 3:02-00053)).

Petitioner has not cited to any testimony by these witnesses that falls outside the date ranges of the conspiracy, nor has he otherwise shown that trial counsel were ineffective for failing to challenge the testimony of these witnesses. Accordingly, this claim is without merit.

    (29) Failure to challenge sufficiency of the evidence on Count Fifteen

Petitioner argues that trial counsel should have challenged the sufficiency of the evidence to support his conviction on Count Fifteen. (Docket No. 47, at 51). Count Fifteen charged that, on or about December 1, 2000 to December 11, 2000, the Defendant attempted to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 338 in Case No. 3:02-00053). Section 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Petitioner appears to argue that Count Fifteen charges "conspiring to attempt," which is not a cognizable crime. (Id.) As described above, however, Count Fifteen charged an attempt, rather than conspiring to attempt. Accordingly, this claim is without merit.

Petitioner also appears to argue that his conviction on Count Seven for money laundering conspiracy is not supported by sufficient evidence because there was no proof that the purchase of the Cadillac Escalade that was the subject of that charge was undertaken with the intent to promote further unlawful activity as required by 18 U.S.C. § 1956(a)(1)(A)(i).[8]

---

[8] Section 1956(a)(1)(A)(i) provides:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--

Count Seven charges a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), with the object of the conspiracy alleged to be a violation of 18 U.S.C. § 1956(a)(1)(B)(i), and one of the overt acts of the conspiracy alleged to be the Petitioner's purchase of a Cadillac Escalade. (Docket No. 338 in Case No. 3:02-00053). Section 1956(a)(1)(B)(i) provides:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
>
> * * *
>
> (B) knowing that the transaction is designed in whole or in part--
>
> > (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. . .

Thus, Count Seven alleged that the vehicle purchase was made to disguise drug proceeds, and conviction on Count Seven did not require the Government to prove that the vehicle purchase was to promote the carrying on of drug trafficking, as required to prove a violation of Section 1956(a)(1)(A)(i). Accordingly, this claim is also without merit.

Petitioner next argues that the evidence was insufficient to show that his purchase of the Cadillac Escalade and the Corvette were to conceal drug proceeds. (Docket No. 80, at 23-25). Counts Seven and Ten of the Indictment allege that the purchase of these vehicles was to conceal drug proceeds (Docket No. 338 in Case No. 3:02-00053), and there was sufficient evidence in the record to support Petitioner's conviction on these counts.

------

> (A)(i) with the intent to promote the carrying on of specified unlawful activity. . .

Allen Jones testified at trial that in May, 2000, the Petitioner asked him to purchase a Cadillac Escalade at the Nashville Auto Auction, and that the Petitioner later paid him $36,085 in cash for the vehicle. (Trial Transcript, at 969-971 (Docket No. 555 in Case No. 3:02-00053)). Petitioner's sister, Debra Moses, testified that the Petitioner asked her to sign false documents indicating that she had made a down payment and purchased the vehicle. (Id., at 1030-1044). Jones also testified that, during the next month, the Petitioner purchased the Corvette from him for $36,200 in cash. (Id., at 971-973). Internal Revenue Service Agent Jo Lynch testified concerning the results of her financial investigation of the Petitioner, including the transactions involving these vehicles. (Trial Transcript, at 2063-2115 (Docket No. 559 in Case No. 3:02-00053)).

The testimony of these witnesses, along with others, was sufficient to support the Petitioner's convictions on Counts Seven and Ten. Accordingly, Petitioner has failed to show that trial counsel were ineffective for any failure to raise the sufficiency argument.

(30) <u>Failure to object to conspiracy jury instruction</u>

Petitioner argues that trial counsel failed to object to a jury instruction on conspiracy. (Docket No. 71, at 2; Docket No. 70, at 4). Petitioner contends that the jury should have been instructed that a defendant is not part of a conspiracy unless he joined the conspiracy before seizure of the drugs. (Id.) According to the Petitioner, there was no evidence that he was part of a drug conspiracy before authorities stopped Jimmy Ray Patterson and John Weston in Texas in December 2000, and seized cocaine. (Id.)

Petitioner has not cited to any instruction given by the Court to the jury that a defendant could be convicted of engaging in a conspiracy if he joined the conspiracy after its object had

been achieved. (Trial Transcript, at 2346-2368 (Docket No. 560 in Case No. 3:02-00053)). Thus, trial counsel were not ineffective for failing to object to such an instruction.

To the extent the Petitioner argues that the evidence at trial did not support his conviction on Count Two because it failed to show that he joined the conspiracy prior to the time the drugs were seized from Patterson and Weston in December, 2000, the record does not support this claim. James Bass testified that the Petitioner and Co-Defendant Kimball arranged and provided money for the transportation of cocaine from Texas to Nashville, Tennessee for distribution in December, 2000. (Trial Transcript, at 1539-42 (Docket No. 557)). Accordingly, this claim is also without merit.

Appellate counsel

Petitioner contends that appellate counsel was ineffective for failing to raise insufficiency of the evidence claims, and for failing to challenge the admission of two kilograms of cocaine because it was not related to the Petitioner. (Docket No. 1, at 10; Docket No. 47, at 15).

In order to demonstrate ineffective assistance of appellate counsel, Petitioner must show that counsel made an objectively unreasonable decision to raise other claims instead of the claims identified by Petitioner, and that he was prejudiced as a result. Thompson v. Warden, Belmont Corr. Inst., 598 F.3d 281, 285-86 (6th Cir. 2010). In order to demonstrate prejudice, Petitioner must show a reasonable probability that, but for counsel's unreasonable failure to raise the claims on appeal, he would have prevailed. Id.

As for the Petitioner's argument that appellate counsel should have raised sufficiency of the evidence claims, the Court concludes that Petitioner has not shown prejudice. The Court has addressed Petitioner's challenges to the sufficiency of the evidence raised here, and have found

them to be without merit. Thus, he has not shown that he would have prevailed had appellate counsel challenged the convictions on sufficiency grounds.

The Petitioner has also failed to demonstrate prejudice regarding his argument that appellate counsel should have challenged the admission of two kilograms of cocaine because it was not related to the Petitioner.  As discussed above, the Government introduced approximately two kilograms of cocaine that was thrown from a car by Amilcar Butler during a chase by police on June 14, 2000. (Trial Exhibit Nos. 33C, 33D; Trial Transcript, at 1307-1310, 1315, 1322, 1466-1469 (Docket Nos. 556, 557 in Case No. 3:02-00053)).  The evidence indicated that Mr. Butler's possession of the cocaine was connected to the drug conspiracy charged in Count Two, and that this incident was within the date range of the drug conspiracy. (Trial Transcript, at 1527-1529 (Docket No. 557 in Case No. 3:02-00053)).  Accordingly, Petitioner has not shown that he would have prevailed had appellate counsel raised a challenge to the admission of this evidence on appeal.

D.  Sentence enhancements

Petitioner argues that the Court violated the Sixth Amendment by applying certain enhancements to his sentence. (Docket No. 1, at 17; Docket No. 47, at 19). Petitioner raised this same argument in his appeal to the Sixth Circuit, and the appeals court rejected the argument, explaining that Petitioner "received a guidelines sentence of life which was recommended for his drug charges alone," and therefore, "he in fact received no increased sentence based upon the enhancements." United States v. Kimball, 194 Fed. Appx. at 378.  The Petitioner raised the argument again in his second appeal, and the court rejected the argument stating that its earlier holding had become "the law of the case." United States v. Parker, 341 Fed. Appx. at 124.  For

these same reasons, the Court concludes that this claim is without merit.

E.  Count Fifteen

Petitioner argues that the Court should have granted a judgment of acquittal on Count Fifteen because it failed to state an offense. (Docket No. 77).  As discussed above, Count Fifteen charged that, on or about December 1, 2000 to December 11, 2000, the Defendant attempted to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 338 in Case No. 3:02-00053).  Petitioner has failed to provide any support for his claim that Count Fifteen fails to state a valid offense. Accordingly, this claim is without merit.

To the extent, the Petitioner is challenging the sufficiency of the evidence as to Count Fifteen, such a challenge also fails for the reasons explained above.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255.  Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE